Filed 12/8/25  Sipin v. Velocity Investments CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FARRAH SIPIN, <br><br> Cross-complainant and Appellant, <br><br> v. <br><br> VELOCITY INVESTMENTS, LLC, et al., <br><br> Cross-defendants and Respondents. | H052798 <br> (Santa Clara County <br> Super. Ct. No. 20CV370503) |

**MEMORANDUM OPINION**[1]

After Velocity Investments, LLC sued Farrah Sipin to collect a charged-off consumer debt, Sipin cross-complained alleging that the complaint violated (1) the Fair Debt Buying Practices Act (Debt Buyers Act) (Civ. Code, § 1788.50 et seq.); (2) the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) (Civ. Code, § 1788 et seq.); and (3) the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.).[2]  The trial court granted the cross-defendants' motion for summary judgment on the

_____

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

[2] Sipin has also named Velocity Portfolio Group, Inc. as a cross-defendant, on the theory that Velocity Portfolio Group, Inc. owns Velocity Investments, LLC and the two should be treated as a single entity.

cross-complaint, reasoning that Sipin had to but could not demonstrate "concrete injury" to prosecute claims under each of the statutes.[3]

While this appeal was pending, this court decided *Chai v. Velocity Investments, LLC* (2025) 108 Cal.App.5th 1030 (*Chai*) and *Guracar v. Student Loan Solutions, LLC* (2025) 111 Cal.App.5th 330 (*Guracar*).  Taken together, *Chai* and *Guracar* hold that a plaintiff need not show "concrete harm" to prosecute claims for statutory damages in California state courts under the Debt Buyers Act, the Rosenthal Act, and the FDCPA. (*Guracar*, at p. 338; see also *Chai*, at p. 1036 [holding that Debt Buyers Act does not condition an individual or class claim for statutory damages on the availability of actual damages].)  Division Three of the First District Court of Appeal agreed in *Kashanian v. National Enterprise Systems, Inc.* (2025) 114 Cal.App.5th 1037, 1045, holding that standing under the Rosenthal Act is predicated on a violation of statutory rights.

The parties agree that *Chai* and *Guracar* are dispositive, if we elect to follow these decisions.  Because respondents offer no new arguments that would undermine the rationale for these cases, we will reverse the judgment.

## DISPOSITION

The October 16, 2024 judgment in favor of respondents is reversed.  Sipin is entitled to her costs on appeal.

---

[3] The trial court described the prerequisite to standing as "concrete injury," "concrete harm," and "actual injury," all of which it distinguished from purely "informational injury."

_____
LIE, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
BROMBERG, J.

*Sipin v. Velocity Investments, LLC, et al.*
H052798